UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| E-TERRA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 3:08-cv-0123 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| SARS CORPORATION, *et al.*, | ) | [Re: Motion at Docket 45] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 45, plaintiff E-Terra, LLC, moves, pursuant to Federal Rule of Civil Procedure 37(a), for an order compelling defendants to produce a copy of the software requested in Plaintiff's Request for Production No. 8. At docket 54, defendants SARS Corporation and Secure Asset Reporting Service Incorporated oppose the motion. Plaintiff replies at docket 46. Oral argument was not requested, and it would not assist the court.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[1] "'Relevant evidence' means evidence having any tendency to make the existence of any

---

[1] Fed. R. Civ. P. 26(b)(1).

fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."[2] "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."[3] "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party filing to make disclosure or discovery in an effort to obtain it without court action."[4] The party opposing discovery bears the burden of showing why discovery should be denied.[5]

### III. DISCUSSION

Plaintiff's Request for Production No. 8 requests defendants to produce "a copy of the Trackpoint® system as referenced in the Form 10-Quarterly Report for the period ending June 30, 2008 for SARS Corporation, in native format."[6] Defendants' response to request for production no. 8 states:

> Objection. This RFP requests that Defendant disclose proprietary technology to Plaintiff, which is a competitor of Defendant, and the existing protective order is insufficient to prevent Defendant's competitor from gaining a competitive advantage as a result of such disclosure. Defendant is open to discussion of terms under which Plaintiff's expert may examine this technology without disclosure of the technology to Plaintiff.

Plaintiff now aks the court for an order requiring defendants to produce "a full and complete copy of the [Tracpoint] software in electronic form in the native format of the software on a USB compatible portable hard drive."[7] Plaintiff's motion is accompanied

---

[2] Fed. R. Evid. 401.

[3] Fed. R. Civ. P. 37(a)(3)(A).

[4] Fed. R. Civ. P. 37(a)(1).

[5] *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

[6] Doc. 45-7 at p. 2. While plaintiff's refer to defendants' software as "Trackpoint," defendants refer to their software as "Tracpoint." For purposes of this motion, the court will refer to the software at issue as "Tracpoint." The parties are requested to apprise the court of the correct spelling of the software's name.

[7] Doc. 45 at p. 12.

-2-

by the requisite certification that plaintiff has in good faith attempted to confer with defendants in the effort to secure the requested software without court action.[8]

In support of the motion to compel, plaintiff argues that it needs "full access" to the Tracpoint software in order to "examine it and determine whether it is a derived version of the Plaintiff's software."[9] Plaintiff also suggests that defendants have given possession of the Tracpoint software to a third party in order to avoid producing the software.

Defendants oppose the motion to compel on several grounds. First, defendants argue that they have made several proposals which would allow plaintiff's expert to inspect the Tracpoint software under supervision, but plaintiff has rejected each proposal. Second, defendants argue that plaintiff declared bankruptcy in 2004, which moots plaintiff's claims based on the language in the applicable license agreement between the parties and obviates the need for production of the software. Third, defendants argue that production of the Tracpoint software would give plaintiff a competitive advantage that would not be protected by the protective order in this action in its present form. Consequently, defendants request "a reasonable explanation as to the terms and conditions of Plaintiff's review, as well as reasonable safeguards by the Court to ensure that the Tracpoint software is not used by Plaintiff for purposes beyond the scope of this litigation."[10]

In light of the current motion and record before the court, the court will not rule on the merits of defendants' argument that this matter is mooted by plaintiff's alleged bankruptcy. Similarly, the court will not address the veracity of plaintiff's argument that defendants have given possession of the Tracpoint software to a third party in order to avoid its production, as defendants indicate that they "remain willing" to work towards facilitating plaintiff's review of the Tracpoint software upon conditions that are agreeable to all parties.

---

[8]Doc. 46.

[9]Doc. 45 at p. 9.

[10]Doc. 54 at 17.

-3-

Case 3:08-cv-00123-JWS   Document 57   Filed 10/27/09   Page 3 of 4

It is undisputed that the Tracpoint software is relevant to the parties' claims and defenses in this action, and thus is subject to discovery. While the parties previously filed a stipulated protective order in this action, which was approved by the court, the protective order does not explicitly address the production of software.[11] Consequently, the court will grant plaintiff's motion to compel subject to the parties' agreement on a protective order which governs the production of the Tracpoint software. If the parties are unable to agree on and file a protective order within three weeks from the date of this order, plaintiff and defendants shall have one additional week to file separate proposed protective orders, and the court the will chose one of the two proposed orders.

### IV. CONCLUSION

For the reasons set out above, plaintiff's motion to compel production at docket 45 is **GRANTED** subject to the parties' agreement on and filing of a protective order concerning the Tracpoint software within three (3) weeks from the date of this order. If the parties are unable to agree upon and file a protective order within that time, each party shall file a separate proposed protective order with the court within four (4) weeks from the date of this order, and the court will choose one of the two proposed orders to govern production of the Tracpoint software.

DATED at Anchorage, Alaska, this 27th day of October 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[11]Doc. 14 at p. 2.