UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| E-TERRA, LLC, an Alaska<br>limited liability company, | )<br>)<br>) |
| Plaintiff and Counter Defendant, | )  3:08-cv-123 JWS<br>) |
| vs. | )  ORDER AND OPINION<br>) |
| SARS CORPORATION,<br>a Nevada corporation, and<br>SECURE ASSET REPORTING<br>SERVICES, INC.,<br>a Nevada corporation, | )  [Re:   Motion at docket 67]<br>)<br>)<br>)<br>)<br>) |
| Defendants and Counter Claimants. | )<br>) |

## I.  MOTION PRESENTED

At docket 67 defendants SARS Corporation ("SARS") and Secure Asset Reporting Services, Inc. ("Secure Nevada") (jointly "Defendants") ask the court to reconsider an earlier order.  The court requested supplementary information from Defendants and authorized Plaintiff to file a response.[1]  Supplementary materials were filed at  dockets 75 and 76.  Plaintiff E-Terra, LLC ("Plaintiff") filed its response at docket 80.  Oral argument has not been requested and would not assist the court.

---

[1]Doc. 71.  D.Ak. LR 59.1 provides that there will be no response and no reply to a motion seeking reconsideration of a non-appealable order absent a request from the court.  In this instance the court requested a response, but not a reply.

## II.  BACKGROUND

The background of this lawsuit is set out in the order at docket 84 to which readers unfamiliar with the case are directed.  For present purposes it is only necessary to add a description of the particular events giving rise to the motion at hand.

In conjunction with its claim that the software known as Tracpoint had been created using Plaintiff's proprietary information associated with software which was subject to a software licensing agreement between Plaintiff and Defendants' predecessor ("Agreement"), Plaintiff requested production of a copy of the Tracpoint software from SARS.  Rather than comply, SARS objected on the grounds that Tracpoint was proprietary technology which should not be disclosed to its competitor, Plaintiff.  The objection also stated that SARS was receptive to discussing how Tracpoint might be made available to an expert retained by Plaintiff without being further disclosed to Plaintiff itself.[2]  After the matter was briefed, the court granted Plaintiff's motion for production of Tracpoint subject to a protective order to be agreed upon by the parties.  The order also provided that if the parties could not agree on a protective order, each should file a proposed order and the court would select one of those filed.  The parties could not agree on a protective order.  Plaintiff filed a proposed order. Defendants did not.  The court adopted the form of protective order suggested by Plaintiff and ordered the production of the Tracpoint subject to that protective order.[3]

Instead of complying with the court's order to produce Tracpoint, Defendants filed their motion for reconsideration.  By way of relief, Defendants "seek (1) a substantive determination regarding the relevance of the Tracpoint software to the above entitled litigation as set forth in Defendants' [motion *in limine* at docket 59]; (2) reconsideration of the . . . Protective Order which requires Defendants to turn over Tracpoint, despite Plaintiff's knowledge that Defendants are no longer in possession of Tracpoint; and (3)

---

[2]*See* Order, doc. 57 at p. 2.

[3]The Order at docket 57 is the order which actually requires production of Tracpoint. The Protective Order at docket 66 sets out the safeguards attendant to the production of Tracpoint.

-2-

further guidance from the Court regarding the protective order . . . ."[4]  With respect to item (1), it is clear from Defendants' briefing that what they seek is a determination that Tracpoint is not relevant and so not discoverable.

### III.  DISCUSSION

**A.  Relevance of Tracpoint**

In a motion *in limine* at docket 59, Defendants contended that Tracpoint was not relevant to the case at bar.  The court has denied the motion *in limine* in its order at docket 84.  The court here adds only that Tracpoint is relevant to the present litigation, because Plaintiff claims that it was created in violation of the Agreement using Plaintiff's proprietary information.  It remains to be seen whether Plaintiff can prove that claim, but that is a matter for trial.  The request to declare Tracpoint not relevant and not discoverable will be denied.

**B.  Possession of Tracpoint**

Defendants have asserted that they delivered their only copy or copies of Tracpoint to the Clarence Group, LLC, which is not a party to this litigation.  They also assert that despite serious efforts to obtain the cooperation of the Clarence Group in producing a copy of Tracpoint pursuant to this court's orders, the Clarence Group ultimately refused to do so.  At this juncture, the court accepts these representations at face value.  This leaves Plaintiff to pursue production of a copy from the Clarence Group pursuant to Rule 45 of the Federal Rules of Civil Procedure.  However, it is not clear to the court that Defendants could not have complied with the order to produce Tracpoint prior to its delivery to the Clarence Group, or at a minimum could not have kept a copy for production in this litigation.  Accordingly, the court will not grant the request to alter the existing orders, but will not enforce the order that Defendants produce Tracpoint, because it appears they do not have it.

**C.  Further Guidance**

As noted above, Plaintiff will not be able to enforce the court's order requiring Defendants to produce Tracpoint.  Instead, Plaintiff must seek Tracpoint from the

---

[4]Motion for reconsideration, doc. 67 at p. 4.

Clarence Group using Rule 45 if the Clarence Group refuses to produce it willingly. Any production would be subject to the existing protective order.

Depending on what is required for plaintiff to get a copy of Tracpoint from the Clarence Group and what facts may ultimately be established about how and when the Clarence Group got the only copy or copies of Tracpoint from Defendants, Plaintiff may have–but the court is not presently ruling that Plaintiff does have–an entitlement to recover its costs associated with any Rule 45 practice or associated proceedings against the Clarence Group. It is also possible, depending on what facts might ultimately be established if Plaintiff cannot get a copy of Tracpoint, that Plaintiff may have–but the court is not presently ruling that it does have–a claim for spoliation of evidence which might support an appropriate rebuttable presumption respecting Plaintiff's underlying claim that Tracpoint was created in violation of the Agreement.[5]

With the above in mind, Defendants might be wise to redouble their efforts to obtain the cooperation of the Clarence Group in the production of a copy of Tracpoint to be examined by Plaintiff's expert pursuant to the existing protective order. Were such efforts successful, it would not be necessary to determine if Plaintiff would be entitled to any other relief, such as an order awarding costs, or the imposition of a rebuttable presumption.

## IV.  CONCLUSION

For the preceding reasons, the motion at docket 67 is **DENIED**.

DATED at Anchorage, Alaska, this 3rd day of February 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[5]*See Sweet v. Sisters of Providence in Washington*, 895 P.2d 484 (Alaska 1995) (discussing rebuttable presumption associated with spoliation of evidence relating to a medical malpractice claim).