UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| E-TERRA, LLC, an Alaska <br> limited liability company, <br><br> Plaintiff and Counter Defendant, <br><br> vs. <br><br> SARS CORPORATION, <br> a Nevada corporation, and <br> SECURE ASSET REPORTING <br> SERVICES, INC., <br> a Nevada corporation, <br><br> Defendants and Counter-Claimants. | 3:08-cv-00123 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motion at docket 81] |

## I. MOTION PRESENTED

At docket 81, defendant and counter-claimant SARS Corporation ("SARS") moves for an order requiring plaintiff E-TERRA, LLC ("Plaintiff") to respond to certain discovery requests. The motion also asks the court to impose sanctions. Plaintiff's response is at docket 83, and SARS' reply is at docket 86. Oral argument was not requested, and it would not assist the court.

## II. DISCUSSION

In an order at docket 84, the court set out the background of this case. Readers not familiar with the litigation are directed to that order which provides the context within which the current discovery dispute arises.

Under the Federal Rules of Civil Procedure and the local rules of this court, a party may not bring a motion seeking to compel discovery unless the motion includes "a

certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery."[1] The local rules amplify this requirement: "Absent exigent circumstance, counsel for the moving party must confer in person, of if they are not located in the same city then by telephone, with counsel for the party against whom relief is sought in an effort to resolve any discovery dispute **before** filing a motion to compel discovery or for sanctions . . . ."[2] A certificate in the form suggested by this court was appended to SARS' motion, but it was not signed by counsel for Plaintiff. The parties disagree on whether SARS did confer with Plaintiff to the extent contemplated by the applicable rules.

The motion papers disclose that the parties had a significant exchange of e-mails respecting discovery issues. Standing alone, such an exchange is insufficient, for the local rule requires the lawyers to meet in person, or when not resident in the same community, to speak over the telephone. In addition to the e-mail exchange, it is undisputed that Mr. Grober did go to Mr. Hutchins" office to discuss discovery issues on January 25, 2010. However, that meeting took place twelve days **after** the motion to compel discovery was filed. On these facts, the court must conclude that SARS did not comply with D.Ak.LR 37.1. The in-person conference should have taken place before the motion was filed.[3] It did not.

Discovery issues should have been resolved some time ago, however it appears to the court that by dint of the behavior of the lawyers on both sides, the goal of the discovery rules has been frustrated. Accordingly, the court will permit SARS to file another motion to compel provided it is preceded by a sincere and thorough effort to resolve the disputes at a meeting between the lawyers. Such a motion may be filed

---

[1] Fed. R. Civ. P. 37(a)(1).

[2] D. Ak. LR 37.1(a) (bold emphasis added).

[3] Furthermore, without ascribing fault to either lawyer (although it appears both might shoulder some of the blame), the conference envisioned by the local rule is not a perfunctory session at which opposing demands are made and the meeting terminated. Some real effort to reach an accommodation is expected.

only if it is filed within the next 21 days. The court adds some comments below which may be of some assistance to counsel.

E-mail exchanges are generally of little help in resolving serious discovery disputes. The impersonal nature of and detached atmosphere surrounding the act of typing an e-mail and hitting the send button in the confines of one's own office is more likely to solidify intransigence than advance the possibility of reasonable accommodation. Second, when there is a meeting it is necessary to start slowly and civilly seeking whatever area of agreement may be available, rather than to straightaway announce unalterable positions or cast aspersions. In attempting to work out their differences, it may be helpful to counsel to know that this court enforces the 25 interrogatory limit established by Federal Rule of Civil Procedure 33(a)(1). However, as a corollary, this court considers it to be the duty of a party receiving what it deems to be an excessive number of interrogatories to answer the first 25 (by its own count), for obviously the objection that there are more than 25 interrogatories cannot excuse a failure to answer the first 25. Finally, this court adds that it also enforces the requirements of Rule 26(a). Thus, for example if a final calculation of damages may be difficult pending the completion of discovery, a party must nonetheless do its best to identify and quantify its damages while adding a caveat explaining what additional information is needed to render the estimated amount certain.

## III. CONCLUSION

For the reasons above, the motion at docket 81 is **DENIED** without prejudice to a subsequent motion to compel to be brought within 21 days following a sincere and meaningful effort to resolve the discovery dispute.

DATED this 18th day of February 2010.

                                              /s/ JOHN W. SEDWICK
                                     UNITED STATES DISTRICT JUDGE